UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROLLERI & SHEPPARD CPAS, LLP, <br> JOHN M. ROLLERI, TRUSTEE, AND <br> RYAN C. SHEPPARD, TRUSTEE <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. KNIGHT, AND <br> DARLENE M. KNIGHT <br><br> Defendants. | CIVIL ACTION NO. <br><br><br><br><br><br><br><br><br><br> OCTOBER 11, 2022 |

## COMPLAINT

As and for their Complaint, the Plaintiffs allege as follows:

### THE PARTIES

1.     The Plaintiff Rolleri & Sheppard CPAS, LLP ("R&S") formerly known as Knight Rolleri Sheppard CPAS, LLP, is a Limited Liability Partnership formed under the laws of the State of Connecticut. It's a principal place of business located in Fairfield, Connecticut.

2.     Plaintiffs John M. Rolleri, Trustee and Ryan C. Sheppard, Trustee of the Cash Balance Retirement Plan ("the Cash Balance Plan"), are residents of the State of Connecticut.

3.     The Defendants Michael J. Knight ("M. Knight") and Darlene M. Knight ("D. Knight") are husband and wife and are residents of Fairfield, Connecticut.

4.     This Court has jurisdiction pursuant to 29 U.S.C. §1132(a)(2) and 29 U.S.C. §1109. As to the state law claim the Court has pendant jurisdiction.

(d) In addition, the Cash Balance Plan has a 36.58% interest an investment account held under the investment partnership called Five Guys Investments, LLC. D. Knight has control over these funds. The value at transfer was **$168,076.00**.

(e) The aggregate claim is **$1,666,425.21**, which includes $64,871.98 of accrued interest of 5.5% from the unauthorized withdrawal date.

10. Pursuant to 29 U.S.C. §1109:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries upon this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

11. The Defendants in further breach of fiduciary duty were purposefully silent about the improper withdrawals of money concealing the withdrawals from the Cash Balance Plan and secreted the money into their personal accounts.

12. The Defendants breach of fiduciary duty, misappropriation, and theft of the funds caused the Plaintiffs to suffer financial loss and harm.

WHEREFORE, Plaintiffs claim:

a. A return of all funds taken;

b. Interest;

  c. Any profits the Defendants have made through the use of the assets;

  d. Attorneys fees pursuant to 29 U.S.C. §1332(g).

**COUNT TWO: (Civil Theft Pursuant §52-564(b)**

1-12. Paragraphs 1-12 of the First Count are hereby realleged and made paragraphs 1-12 of this count as if fully set forth herein.

13. The acts of the Defendants in stealing from the Cash Balance Plan constitutes civil theft pursuant to §52-564(b).

14. Wherefore, the Plaintiffs claim treble damages, costs and attorneys fees.

THE PLAINTIFFS,

BY _____
Edward N. Lerner, Esq. (ct07355)
Lerner, Guarino & Foodman LLC
8 Wright Street, 2nd Floor
Westport, CT 06880
(203) 817-0850
Email: enlerner@lgflegal.com

4